# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK EDWARD GUY, | CASE NO. 1:11-cv-00721-AWI-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| MARGARET MIMS, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Patrick Edward Guy[1] ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This Complaint is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff's Complaint fails to

---

[1] From the Complaint, the Court is unable to determine Plaintiff's status. He states his address as the Fresno County Jail, thus, he could be a pretrial detainee, a civil detainee, a state prisoner, etc. However, as the applicable standards to Plaintiff's religiously-related claims will not change, Plaintiff's status is less important for the purposes of screening.

1

state a claim upon which relief may be granted.

## II. <u>SCREENING REQUIREMENTS</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 129 S.Ct. at 1949.

## III. <u>SUMMARY OF COMPLAINT</u>

Plaintiff brings this action for violations of the First Amendment and Religious Land Use and Institutionalized Person Act of 2000 ("RLUIPA"). Plaintiff names the following

individuals as Defendants: Margaret Mimms, Terry Ashmore, Michelle LeFors, Kurtze, J. Ruiz, and Ebguziem.

Plaintiff alleges as follows: Defendant Ashmore refused to provide Plaintiff with a kosher diet because Plaintiff did not qualify for kosher meals under the jail's policy. Defendant Ashmore stated that because Plaintiff was not associated with a local synagogue and because a rabbi had not verified that Plaintiff was an "orthodox jew", Plaintiff did not qualify for a kosher diet. Defendant LeFors and Defendant Kurtze denied Plaintiff's appeal. On April 20, 2011, Defendant Ruiz told Plaintiff that Defendant Ebguziem said that Plaintiff must surrender his yarmulke because it had not been approved.

Plaintiff seeks monetary damages and injunctive relief.

**IV.    ANALYSIS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

**A.    Religious Claims**

Plaintiff appears to claim that his right to freely exercise his religion is being violated. These claims fall under the First Amendment and RUILPA.

3

1. First Amendment

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (citing O'Lone v. Shabazz, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987)); see Bell v. Wolfish, 441 U.S. 520, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Only beliefs which are both sincerely held and rooted in religious beliefs trigger the Free Exercise Clause. Shakur v. Schriro, 514 F.3d 878, 884–85 (9th Cir. 2008) (citing Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994)); Callahan v. Woods, 658 F.2d 679, 683 (9th Cir. 1981)). Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one." Id. A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates." Id. at 90 (internal quotations and citation omitted). A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." Id. "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." Id.

2. RLUIPA

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")

4

provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ..., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc–1. RLUIPA "mandates a stricter standard of review for prison regulations that burden the free exercise of religion than the reasonableness standard under Turner." Shakur v. Schriro, 514 F.3d 878, 888 (9th Cir. 2008) (citing Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005)). The Supreme Court has noted "RLUIPA . . . protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." Cutter v. Wilkinson, 544 U.S. 709, 721, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005). RLUIPA defines religious exercise to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc–5(7)(A); San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004).

    3.    Analysis

First, Plaintiff's claims fail because he does not state that he practices the Jewish faith and is, in fact, an "orthodox jew." Plaintiff merely states that he was denied a kosher diet. This statement alone cannot state a claim under either the First Amendment or RLUIPA.

Second, as to the allegations regarding the yarmulke, Plaintiff states that Defendant

Ruiz told him that Defendant Ebguziem said that Plaintiff must surrender his yarmulke because it had not been approved. However, Plaintiff does not state that his yarmulke was then taken. Thus, this too fails to demonstrate a violation of the First Amendment or RLIUPA.

Plaintiff's claims are dismissed, and he will be given leave to amend. Upon amendment Plaintiff must describe the incidents with more detail, including whether he does practice the Jewish religion, if, in fact, his yarmulke was taken, among other details.

### B. Personal Participation of Defendants

Under Section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In this action, Plaintiff has not alleged facts demonstrating that Defendant Mimms personally acted to violate his rights. Plaintiff complains that he was denied kosher meals by Defendant Ashmore, then that decision was affirmed by Defendants LeFors and Kurtze, and that Defendants Ruiz and Ebguziem told him that he must surrender his yarmulke. However, Plaintiff does not specifically link any of his complaints to Defendants Mimms. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies

6

described by the Court in this order.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any claims upon which relief may be granted under Section 1983 against any of the named defendants. Having notified Plaintiff of the deficiencies in his Complaint, the Court will provide him with time to file an amended complaint to address these deficiencies. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

In his amended complaint, Plaintiff must demonstrate that the alleged incident resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants only relating to issues arising because of incidents described herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-721-AWI-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   October 6, 2011

UNITED STATES MAGISTRATE JUDGE