# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK EDWARD GUY,<br><br>    Plaintiff,<br><br>    vs.<br><br>MARGARET MIMS, et al.,<br><br>    Defendants. | 1:11cv00721 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND CERTAIN DEFENDANTS<br><br>THIRTY-DAY DEADLINE |

    Plaintiff Patrick Edward Guy ("Plaintiff") is an inmate in the custody of the Fresno County Jail. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed on May 5, 2011. On October 6, 2011, the Court screened Plaintiff's complaint and dismissed it with leave to amend for failure to state a claim.

    On November 7, 2011, Plaintiff filed his First Amended Complaint. On January 4, 2013, the Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed on the cognizable claims. Specifically, the Court found that Plaintiff stated a claim under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") against Defendants Terry Ashmore, Michele LeFors and Lieutenant Kurtz. Plaintiff did not state a claim against Fresno County Sheriff Margaret Mims, Officer Ruiz and Sergeant Ebguziem as Defendants.

1

On February 25, 2013, Plaintiff filed his Second Amended Complaint ("SAC"). He names Fresno County Sheriff Margaret Mims, Terry Ashmore, Michele LeFors and Lieutenant Kurtz as Defendants. He no longer alleges claims against Defendants Ruiz or Ebguziem and does not name them as Defendants.

A.   **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is an inmate at the Fresno County Jail in Fresno, California.  He alleges that he is an Orthodox Jew and was denied a kosher diet.

Plaintiff alleges that he requested a kosher diet on February 17, 2011.  Defendant Ashmore, who is responsible for verifying an inmate's eligibility for a religious diet, refused to comply with the Fresno County Detention Division's Religious Diet Policy E-185.  According to Plaintiff, Policy E-185 requires staff to contact a religious clergy member within the inmate's faith to verify the inmate's religious affiliation.  Defendant Ashmore told Plaintiff that he would not ask a clergy member, and "wouldn't bother a Rabbi with [him]."  Compl. at 4.  Plaintiff contends that Defendant Ashmore did not contact a clergy member until June 28, 2011, when Captain Rick Hill received a letter from the ACLU written on Plaintiff's behalf.

On July 13, 2011, Defendant Ashmore brought Rabbi Zirkind to interview Plaintiff.  The Rabbi declared that Plaintiff "is a Jew."  Compl. at 5.  On July 13, 2011, Plaintiff received a kosher diet, approximately 147 days after being booked into the Fresno County Jail.

Plaintiff contends that Defendant Ashmore did not follow established policies and procedures.  He filed a grievance against him, which was denied by Defendants LeFors and Kurtze.  Plaintiff contends that Defendants LeFors and Kurtze signed the grievance without

interviewing Plaintiff or conducting any investigation as to whether Defendant Ashmore followed E-185.

Plaintiff alleges that "due to the negligent and illegal nature" of E-185, and the negligent behavior of Defendants, he sustained various injuries. Compl. 6.

Plaintiff requests monetary damages. He also requests that the Court order the Fresno County Sheriff's Department to "reform" E-185 and "bring this policy into compliance with all applicable Federal laws." Compl. 8.

C. **ANALYSIS**

    1. *Religion Claims*

The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). Similarly, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means.'" Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (quoting Warsoldier v. Woodford, 418 F.3d 989, 997-98 (9th Cir. 2005)).

As the Court found in the prior screening order, Plaintiff states a claim under the First Amendment and RLUIPA against Defendants Ashmore, LeFors and Kurtze.[1]

    2. *Defendant Mims*

Under section 1983, Plaintiff must link the named defendants to participation in the violation at issue. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011,

---

[1] Defendants LeFors and Kurtze denied Plaintiff's grievance against Defendant Ashmore. While individuals who deny a prisoner's appeal generally do not cause or contribute to the underlying violation, a claim may be stated against them if they willfully turn a blind eye to constitutional violations being committed by subordinates. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). Based on the Court's finding that Plaintiff stated a claim under the First Amendment and RLUIPA and his allegations that Defendant LeFors and Kurtze denied the grievance without investigation, the claim is sufficient at the screening level.

1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235.

Therefore, as an administrator, Defendant Mims may only be held liable if she "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to Defendant and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

In the Court's prior screening order, the Court explained that Plaintiff's allegations that Defendant Mims established the policies and procedures that affect his rights, and that the other Defendants act under color of authority at her direction, were insufficient to state a claim against her. The Court further explained that insofar as Plaintiff pointed to the policy at issue, Plaintiff did not contend that the policy itself was unconstitutional, but rather that another Defendant failed to follow it.

In his SAC, Plaintiff now adds allegations that E-185 is illegal, "negligent" and/or violates RLUIPA and the First Amendment. Although Plaintiff has added this legal conclusion to his allegations, he fails to provide facts to explain his position. Plaintiff's factual allegations only allege that Defendants failed to follow E-185. Per Plaintiff's allegations, E-185 simply

requires that a religious clergy member be contacted to validate an inmate's request for a religious diet.  Plaintiff fails to allege any facts to explain his contention that E-185 is somehow unconstitutional.  Therefore, Plaintiff's claim continues to be rooted in Defendants' alleged failure to follow E-185, notwithstanding his recent allegations that E-185 is somehow unconstitutional.

Plaintiff's conclusory, unsupported allegations against Defendant Mims continue to be insufficient to state a claim against her.

### D.    **FINDINGS AND RECOMMENDATIONS**

Based on the above, the Court finds that Plaintiff states an exercise of religion claim under the First Amendment and RLUIPA against Defendants Ashmore, LeFors and Kurtze.[2]  He does not state a claim against Defendant Mims and the Court recommends that she be DISMISSED from this action.  Plaintiff has been afforded two opportunities to correct the deficiencies as to Defendant Mims, but failed to do so.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012) (internal quotation marks and citation omitted).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:    **October 17, 2013**                        /s/ *Dennis L. Beck*
                                                                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff will be instructed on service by separate order.